In the Matter of the Application of Dr. ISIDORE J. EHLIN, Petitioner, for an order pursuant to Article 78 of the Civil Practice Act, against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent, Annulling the Determination of the Respondent in Suspending Both the Petitioner's License to Practice Medicine, and his Registration as a Physician, and Directing the Petitioner's License to Practice Medicine and his Registration as a Physician Be Forthwith Reinstated.*—Motion for stay granted. Case placed at foot of calendar of May Order and General Term. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of NICOLA BOSTELLO, Appellant, against WILLIAM KENNEDY CONSTRUCTION COMPANY, and the UNITED STATES FIDELITY & GUARANTY COMPANY, Insurance Carrier, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion to prosecute appeal on typewritten record and brief granted. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

ERIE AND CENTRAL NEW YORK RAILROAD COMPANY, Respondent, v. WHITEHOUSE MILK AND CREAM COMPANY, Appellant.— Motion for stay denied, with ten dollars costs, without prejudice to apply to the trial court for a stay upon such terms as that court may direct. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MAURICE JARVIS, Appellant.— Motion to prosecute appeal on typewritten record and brief granted, Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.

In the Matter of the Claim of CARMINE MAULALLA, Appellant, against S. F. Creazzo and TRAVELERS INSURANCE COMPANY, Insurance Carrier, Respondents.— STATE INDUSTRIAL BOARD, Respondent.— Motion by employer and insurance carrier to dismiss an appeal taken from a decision of the State Industrial Board for failure to substitute a proper party in place of the deceased claimant and on the further ground that the appeal had been taken by an improper party. The employee was injured on July 3, 1937. An award of disability compensation was made to him to August 2, 1937, and the case closed. It was afterward reopened, restored to the calendar and the referee made an award in claimant's favor on May 31, 1939, for further disability compensation. The employer and carrier appealed to the State Industrial Board, which Board, on January 22, 1940, reversed the award of May 31, 1939, and closed the case. In the meantime, however, the claimant had died on January 19, 1940. No substitution for the claimant has been made. On February 26, 1940, a notice of appeal in behalf of claimant was served and findings have been made. The notice of appeal states that the appeal is taken by the estate of Carmine Maulalla, claimant. The appeal to this court should be dismissed because no proper party has been substituted to prosecute the same. Motion to dismiss appeal granted. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.